UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN HENRY SLAUGHTER,<br><br>　　　　Defendant. | CASE NO.   CR05-192 TSZ<br><br>DETENTION ORDER |

Offenses charged:

　　Count I:　　Distribution of Cocaine Base, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(B); and

　　Count II:　　Possession of Cocaine Base with Intent to Distribute, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(B).

Date of Detention Hearing: September 1, 2005.

　　The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by

DETENTION ORDER
PAGE -1-

Janet Freeman. The defendant was represented by Rebecca Green for John R. Crowley. The Government moved for detention, to which the defendant stipulated.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons:

  (a) The defendant poses a risk of nonappearance based on his unknown personal background information, his unknown ties to the Western District of Washington, and his current status of being subject to supervision. Moreover, the Court finds the defendant's history of failing to appear and non-compliance with court orders as indicative of future flight risk.

  (b) The nature of the instant offense, combined with the defendant's lengthy criminal history, existing Protection Order, and No Contact Order, defeats any evidence which may have overcome the presumption against release. Release of the defendant would pose a danger to the community.

  (c) The defendant stipulated to detention.

(3) Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure

future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 8th day of September, 2005.

Monica J. Benton
United States Magistrate Judge